No. 1646.]

## PHILLIP DAVIS *v.* THE STATE.

1. ARSON—PROOF OF MOTIVE.—In a trial for arson, the State was allowed, over objection by the defense, to prove that prior to the burning there had been difficulties between the defendant and the owner of the burned property, and that the defendant was the aggressor in the difficulties. *Held*, that the evidence was admissible to prove malice entertained by the defendant against the injured party.

2. PRACTICE IN THE COURT OF APPEALS—CHARGE OF THE COURT.—When no objection was taken to the charge when given to the jury, and its defects were not called to the attention of the trial court either by requested instructions or in the motion for a new trial, this court will not reverse the judgment on account of the charge unless fundamental error prejudicial to the appellant's rights be found in it.

3. PRIVILEGE OF COUNSEL.—Incorrect reasoning by prosecuting counsel in the argument to the jury, nor his unwarranted assumption or assertion of controverted facts, will not suffice for the reversal of a conviction.

4. EVIDENCE.—Mere failure to explain an inculpatory fact does not enhance its probative force; but, if the inculpatory fact be questioned, or its criminative import be controverted, and the accused has it in his power but fails to disprove it if false, or to explain it if true, his failure to do so tends to establish its truth or its criminative import.

5. PROOF OF IDENTITY.—Positive recognition of the defendant's voice, by a witness who was familiar with it, may suffice to prove his identification as the culprit. Note such proof held sufficient in this case.

6. EXCESSIVE PUNISHMENT.—A term of twenty years in the penitentiary was the punishment assessed on appellant's conviction for arson. *Held*, not excessive, though the maximum punishment.

APPEAL from the District Court of Gonzales. Tried below before the Hon. Everett Lewis.

The indictment charged that Philip Davis and A. J. Clark, on February 10, 1883, willfully, unlawfully and feloniously did burn a certain house, the property of H. Smith, without the consent of said Smith. The appellant was tried at the January term, 1884, and, being found guilty, his punishment was assessed at a term of twenty years in the penitentiary.

The opinion of this court discloses all material facts. Very able briefs and arguments, addressed mainly to the evidence, were filed by counsel on both sides.

*Harwood & Harwood,* and *Stringfellow & McNeal,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

HURT, JUDGE. This is a conviction for arson, for which the punishment was assessed at twenty years in the penitentiary.

On the night of February 19, 1883, about nine o'clock, H. Smith, being at his house, discovered that an unoccupied house, which was situated on his farm, about four hundred yards from his house, was on fire. Smith called two negroes who lived on his premises, and sent them to extinguish the fire. They soon returned, saying the fire could not be extinguished. Just then he discovered that his field fence, on two sides and in different places, was burning. The negroes were sent to put out the burning fence, but soon returned, "frightened," and stated that they could not extinguish the fire on the fence.

About this time Smith heard guns firing down in the field, and, arming himself with his shot gun, went to the field where he heard the shots. When he had passed the burning house, and being in his field, some one from behind the fence dividing the field and pasture fired on him with a gun or pistol. He returned the fire, shooting three times. The other party shot five or six times. Smith saw no one. During the firing, Smith heard the "voice of the defendant, Phil. Davis, saying: 'Try it again G—d d—m you.'" Smith did not see the party during the firing, they being behind the fence, and about forty or fifty yards from him. He had known the defendant thirteen years, and had lived within half a mile of him for many years, and knew his voice, to which he swore positively.

On the next day, Smith went to town. On the following day, he went to the field where he was shot at, and says that on

the side from which the shots were fired, he saw tracks of two men leading from the burned house. These tracks led to the burned fence, and to the place at which the shooting occurred; that there were other tracks but in a different place. These seemed to be fresh. By this witness, the State proved former difficulties between witness and defendant, in which the defendant was the agressor.

By R. M. May, the State proved that defendant came to his house about two o'clock at night, about the time of the burning. This witness could not fix the day of the month, but thought it about the time of the burning. By Hodges and Cad, the State proved that two men passed along the road leading to the prosecutor Smith's place, about eight o'clock of the night of the burning. These men were seen within two and a half miles of Smith's place. Hodges did not recognize either of the men. Cad was not positive, but swore that the voice of one sounded like that of defendant. The men were talking very loud.

The above is a condensed statement of the material facts of the case.

The defendant, upon the trial, objected to that part of the evidence which tended to prove former difficulties between Smith and himself, and hence a probability of guilt. To show malice, this evidence was clearly admissible.

Defendant assigns as error that the charge of the court relative to the law governing a case wholly depending upon circumstantial evidence is not a full and complete charge. No objection was made at the time to the charge, nor was the court requested to give to the jury a more perfect charge upon this subject. In fact, a supposed defect in the charge relating to circumstantial evidence is, for the first time, urged in this court; for defendant did not think it of sufficient importance to be urged as ground for a new trial. We will not, therefore, revise this charge, and we would here state that unless a fundamental error is found in the charge which is calculated to injure the rights of the defendant the charge must be objected to, or the proper charge be demanded, or the erroneous charge called to the attention of the court in the motion for a new trial, or we will not reverse the judgment though there be error in the charge.

It is insisted that the remarks of the district attorney were calculated to injure the rights of the defendant, and that, therefore, the judgment ought to be reversed. Appellant did not attempt to stop the district attorney, but objected after the remarks

were made. In this shape it appears to us from the bill of exceptions. But, be this as it may, the learned judge informs us that he restrained the district attorney within the proper bounds.

Counsel for the defendant also objected to the logic or reasoning of the attorney for the State: 1. Upon the ground that the attorney assumed facts as true which were not proven. 2. That defendant, in law, is not required to establish his innocence. It frequently occurs that the advocate, in a case in which there are circumstances, though ever so slight, which tend to prove a fact, assumes, and boldly asserts to a jury, that such is the fact, or that such a fact does exist. This being the almost universal habit of counsel, it would be a very dangerous practice for this court to reverse a judgment because of such matter. Few cases indeed would be affirmed.

As to the second ground, it appears that the attorney for the State reasoned thus to the jury: " If the defendant was not guilty of burning said house he could have proved his innocence by showing where he was on the night of the burning, and that if he was an innocent man, he would so establish his innocence." In a proper case, and we are not to be understood to hold that this is or is not such a case, the learned district attorney has very high authority in support of his reasoning. (1 Starkie on Ev., 862; 2 Starkie on Ev., 688.) Mr. Russell is very clear in his support of the legality and soundness of the argument of the district attorney. He says: " If circumstances induce a strong suspicion of guilt, and where the accused might, if he were innocent, explain these circumstances consistently with his innocence, and yet does not offer such explanation, a strong and natural presumption arises that he is guilty. And in general where a party has the means of rebutting and explaining the evidence adduced against him, if it does not tend to the truth, the omission to do so furnishes a forcible inference against him." (Russell on Crimes, vol. 3, 217.)

Now we cannot agree to the proposition as stated by these authors. The correct rule we believe to be this: If there be an inculpatory fact, and this fact naturally leads to the inference of guilt—that is the tendency is criminative—a failure to explain this fact, though within the power of defendant to explain, does not give strength or add probative force to the fact; but if the truth of the fact is questioned or its tendency to guilt denied, and the party who denies its truth, or who questions its criminative tendency, has it within his power to show that it is not

true, or to so explain it as to destroy its criminative force, and fails to do so, such failure tends, in a very strong degree, to establish that the fact is true, or that its apparent tendency to guilt is correct.

The fact thus shown to be true, with a certain tendency to guilt, is left without increased probative force by reason of the failure to explain, and the conclusion from the fact must be drawn without reference to the failure to explain.

Though we may not agree to the reasoning of the learned district attorney, still we are very far from reversing the judgment because of incorrect reasoning, especially when supported by such very high authority.

Do the facts support the verdict? We are of the opinion that they do. A witness may, with very great certainty, identify a person by his voice; and, if this can be done, certainly the witness Smith was competent to identify defendant by this means, for he had known him thirteen years and lived within half a mile of him for a great many years.

Is the punishment excessive? Evidently it is not. Such a man as is portrayed in this record should be punished to the full extent of the law.

We have found no error in this conviction, and the judgment should be and is hereby affirmed.

*Affirmed.*